Hand-Delivered

FILED
CHARLOTTE, NC

# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina ▼

JUL - 7 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

_____Charlotte___ Division

| | |
|---|---|
| Cornelius Antwan Bynum | Case No. $3:26-CV-541-KDB$ |
| | (to be filled in by the Clerk's Office) |

)
)
)
)

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

**-v-**

Piedmont Airlines

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Jury Trial: *(check one)* ☐ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Cornelius Antwan Bynum |
| Street Address | 11622 Sapsucker Lane |
| City and County | Charlotte Mecklenburg County |
| State and Zip Code | North Carolina 28202 |
| Telephone Number | 7576720607 |
| E-mail Address | c.antwanbynum@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Piedmont Airlines |
| Job or Title *(if known)* | |
| Street Address | 4700 Yorkmount RD |
| City and County | Charlotte Mecklenburg |
| State and Zip Code | North Carolina  28208 |
| Telephone Number | (980) 985-7732 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

### C.  Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Piedmont Airlines |
| Street Address | 4700 Yorkmount Rd |
| City and County | Charlotte Mecklenburg |
| State and Zip Code | North Carolina 28208 |
| Telephone Number | (980) 985-7732 |

## II.  Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

> *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

> *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

> *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Case 3:26-cv-00541-KDB-DCK   Document 1   Filed 07/07/26   Page 3 of 12

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☐ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

11/24/2025

C. I believe that defendant(s) *(check one)*:

- ☑ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☑ race — African American
- ☑ color — Black
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

E. The facts of my case are as follows. Attach additional pages if needed.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s): |
|---|---|---|

_____ and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>Cornelius Bynum | Home Phone (Incl. Area Code)<br>+1(757) 672-0607 | Date of Birth<br>6/9/1989 |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| 11622 Sapsucker Ln, Charlotte, NC 28215 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name<br>Piedmont Airline | No. Employees, Members<br>500 or more | Phone No. (Incl. Area Code)<br>+1(980) 985-7732 |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| 4700 Yorkmont Rd, Charlotte, NC 28208 | |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11-24-2025   Latest: 11-24-2025

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I worked for piedmont Airline in Charlotte, North Carolina from around December 2024 to November 24, 2025 as a Performance and Compliance Analyst in the performance and compliance department and I was a salaried employee paid about $46,600 per year with Michael Thomas as my immediate supervisor; to my knowledge the employer has approximately 500 or more employees. This charge arises under Title VII of the Civil Rights Act of 1964. I am Black. On October 27, 2025 I was suspended without pay after HR accused me of spending company time away from work for multiple days. Two weeks later HR conducted a phone interview alleging a zero tolerance policy violation for sexual harassment and discrimination based on allegations from the summer about comments I never made about Jews and other groups and an alleged comment about Asians and ping pong that I did not make and that HR said someone overheard. I was the only African American in my department and I had never received any warnings or writeups and I was not trained for the new position I created and held. The suspension continued about a month with no pay and no clear investigation findings provided to me. On November 24, 2025 Michael Thomas called to tell me I was separated and sent an email the same day. I asked the HR director about appeal rights and emailed my manager on November 26, 2025 requesting an appeal and received no response. I have witnesses and emails showing the initial HR interview transcript and the termination email and the vice president of finance who mentored me disagreed with the decision. Based on the shifting reasons, the timing, the lack of prior discipline, and the fact I was the only Black person in my department, I was treated this way because of my race. I request that the EEOC accept and docket my charge.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| January 7, 2026          *Cornelius Bynum*<br>Date                    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

# III. Statement of Claim

## E.

# Facts of the Case Statement

I was terminated following an investigation that was fundamentally unfair, inconsistent, and unsupported by substantial evidence. I further believe the investigation and termination warrant review to determine whether they were influenced by unlawful discrimination based on my protected characteristics, including my race, age, gender, and status as a United States military veteran.

Throughout my employment with Piedmont Airlines, I consistently performed my duties as a Junior Performance and Compliance Analyst with professionalism, integrity, and dedication. Prior to the investigation, I had never received a verbal warning, written warning, coaching, corrective action, performance improvement plan, or disciplinary notice concerning my attendance, timekeeping, work performance, harassment, discrimination, or workplace conduct.

This undisputed employment history makes the company's decision to immediately suspend and terminate me particularly concerning.

## Failure to Follow Progressive Discipline

One of the most troubling aspects of this matter is that no one within management ever informed me that I had violated company policy.

Neither my direct supervisor nor any member of leadership ever advised me that I had violated Piedmont Airlines' Zero-Tolerance Policy, engaged in inappropriate workplace conduct, failed to meet expectations, or improperly recorded my work time. I was never instructed verbally or in writing to change or correct any alleged behavior.

If the company genuinely believed I had violated a Zero-Tolerance Policy, I respectfully question why those concerns were never addressed when the alleged incidents supposedly occurred.

Instead, months passed without a single complaint being brought to my attention. I continued reporting to work every day, performing my assigned responsibilities, interacting with management and coworkers, and receiving additional responsibilities. At no time did anyone indicate my employment was in jeopardy.

The absence of any prior counseling, coaching, documentation, or corrective action deprived me of any meaningful opportunity to address concerns before the company imposed the most severe disciplinary action available—termination.

# Deficiencies in the Investigation

Human Resources questioned me regarding allegations of theft of company time and alleged discriminatory comments involving Jewish individuals, members of the LGBTQ+ community, Asian individuals, and statements regarding the Holocaust.

I unequivocally denied every allegation.

The accusations were reportedly based upon statements that unnamed individuals claimed to have overheard months earlier. Despite the seriousness of these allegations, I was never presented with objective evidence demonstrating that I made the alleged remarks. I was not shown recordings, emails, written complaints, contemporaneous witness statements, or any documentation substantiating the allegations.

Additionally, because I had already been suspended, I no longer had access to my company email, Teams messages, calendar, or other work records that could have assisted me in responding to questions about events occurring several months earlier.

Rather than conducting an investigation based upon verifiable evidence, the company appeared to rely primarily upon delayed and uncorroborated allegations while disregarding my consistent denial and my previously unblemished employment record.

# Time Theft Allegations

I also categorically denied the allegation that I stole company time.

I consistently reported to work, completed my assigned duties, interacted daily with coworkers and management, and routinely performed the responsibilities expected of my position. On numerous occasions, I voluntarily reported to the office on Fridays even though I was permitted to work remotely.

Had management believed I was not reporting to work or improperly recording my time, I reasonably would have expected immediate communication, counseling, or corrective action.

Instead, no manager ever questioned my attendance, discussed concerns regarding my work hours, issued a warning, or documented any attendance deficiencies before my suspension.

Furthermore, coworkers and supervisors who regularly interacted with me could verify my presence in the office during many of the dates in question.

# Concerns Regarding Disparate Treatment

The circumstances surrounding this investigation raise significant concerns regarding whether I was treated differently than other employees.

Among those concerns are:

- No prior verbal or written warnings before suspension.
- No documentation showing progressive discipline.
- Allegations investigated months after they allegedly occurred.
- No opportunity to correct any alleged conduct.
- Reliance upon unverified accusations instead of objective evidence.
- Immediate suspension despite an otherwise clean disciplinary history.
- Failure to fully consider witnesses who could verify my attendance and work performance.

Collectively, these circumstances create serious questions regarding whether the investigation was conducted fairly, impartially, and consistently with Piedmont Airlines' own policies and practices.

# Protected Characteristics

I am also concerned that my protected characteristics were not afforded appropriate consideration throughout this process.

As the only African American employee within my immediate office, I found it deeply troubling that I became the subject of allegations accusing me of racism and discrimination despite maintaining respectful working relationships with coworkers from diverse racial, ethnic, and cultural backgrounds.

Likewise, I am a United States military veteran. My military service instilled values of integrity, accountability, professionalism, respect, and responsibility that I have consistently carried throughout my civilian career. Despite my record of honorable service and professional employment, those qualities appeared to receive little or no consideration during the investigation.

I also believe my age and gender should be examined as part of the overall circumstances surrounding my termination.

While I recognize I cannot independently determine the motivations behind Piedmont Airlines' decision, I believe the totality of the evidence—including the lack of progressive discipline, the delayed allegations, the absence of substantial evidence, the manner in which the investigation was conducted, and my protected status—raises legitimate questions as to whether unlawful discrimination or disparate treatment played a role in my termination.

See Attachment

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
01/18/2026

B.      The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☑    issued a Notice of Right to Sue letter, which I received on *(date)*   04/08/2026   .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Case 3:26-cv-00541-KDB-DCK   Document 1   Filed 07/07/26   Page 9 of 12

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Charlotte District Office**
129 West Trade Street, Suite 400
Charlotte, NC 28202
(980) 296-1250
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/08/2026

**To:** Cornelius Bynum
11622 Sapsucker Ln
Charlotte, NC 28215
Charge No: 430-2026-01578

EEOC Representative and email:     COURTNEY LOVETT
INVESTIGATOR
COURTNEY.LOVETT@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 430-2026-01578.

On behalf of the Commission,

Digitally Signed By:Elizabeth "Betsy" Rader
04/08/2026

Elizabeth "Betsy" Rader
District Director

# V. Relief

Plaintiff has suffered substantial economic losses, emotional distress, reputational harm, loss of future employment opportunities, and significant financial hardship.

Plaintiff respectfully requests that the Court award the following relief:

1. **Back Pay and Front Pay:** Compensation for all lost wages, employment benefits, retirement contributions, and future loss of earning capacity from the date of Plaintiff's termination through the date of judgment.
2. **Financial Losses and Out-of-Pocket Damages:** Compensation for financial losses directly resulting from Plaintiff's wrongful termination, including a $5,000 loan obtained to retain legal counsel, $1,200 borrowed from a friend to pay household and living expenses during unemployment, and $2,000 borrowed from Plaintiff's father and a friend to meet necessary living expenses following the loss of employment income.
3. **Compensatory Damages:** Compensation for emotional distress, mental anguish, pain and suffering, increased therapy and mental health treatment, increased prescription medication, disruption of sleep, damage to Plaintiff's professional reputation, loss of future employment opportunities, and the loss of personal property remaining in Defendant's possession following Plaintiff's termination.
4. **Veteran Status:** Consideration of the impact Defendant's actions had on Plaintiff as a United States military veteran, including the loss of financial stability, professional advancement, and the emotional and personal hardship resulting from Plaintiff's termination.
5. **EEOC Proceedings:** Recognition that Plaintiff exhausted the administrative process by filing a Charge of Discrimination with the EEOC, fully cooperated throughout the investigation, and received a Notice of Right to Sue after Defendant allegedly failed to meaningfully cooperate with the EEOC investigation and declined opportunities to resolve the matter through mediation.
6. **Punitive Damages:** Punitive damages in an amount to be determined by the Court or jury based upon Defendant's alleged willful, reckless, malicious, and intentional disregard of Plaintiff's protected rights.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and award:

- Back pay and front pay;
- Compensation for financial losses and out-of-pocket expenses;
- Compensatory damages for emotional distress, mental anguish, reputational harm, and loss of future employment opportunities;
- Punitive damages as permitted by law;
- Attorney's fees and costs of litigation, where authorized;
- Pre-judgment and post-judgment interest as allowed by law;
- A total monetary award of Five Million Dollars ($5,000,000.00), or such other amount as the evidence presented at trial supports and the Court deems just and proper; and
- Any additional legal or equitable relief the Court determines is fair, just, and appropriate.

Plaintiff further demands a trial by jury on all issues so triable.

See Attachment

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 7/7/2026

Signature of Plaintiff

Printed Name of Plaintiff _Cornelius Bynum_

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____